IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| TERILYN FRISTOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-06108-CV-SJ-ODS |
| | ) |
| ADIENT US LLC, | ) |
| fka Johnson Controls, Inc., | ) |
| | ) |
| Defendant. | ) |

<u>ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

Pending is Defendant's motion for partial summary judgment. Doc. #28. For the following reasons, Defendant's motion is denied.

## I. PROCEDURAL HISTORY

Plaintiff initiated this lawsuit against Defendant on July 25, 2017. Doc. #1-2. Plaintiff asserted claims of race and sex discrimination, and retaliation under the Missouri Human Rights Act ("MHRA"). Doc. #29-7 at 3-5. On August 30, 2017, the case was removed from the Circuit Court of Platte County, Missouri. Doc. #1. On July 17, 2018, Defendant filed a motion for partial summary judgment seeking dismissal of Plaintiff's retaliation claim for failure to administratively exhaust the claim. The Court now considers this motion.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See generally Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."

*Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying these standards, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the…pleadings, but…by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### III. DISCUSSION

Defendant argues Plaintiff has not exhausted her administrative remedies with respect to her retaliation claim. Before filing a lawsuit alleging violations of the MHRA, a plaintiff "must exhaust administrative remedies by timely filing an administrative complaint…." *Alhalabi v. Mo. Dep't of Nat. Res.*, 300 S.W.3d 518, 524 (Mo. Ct. App. 2009) (citations omitted). Administrative exhaustion requires a plaintiff give notice of all claims in the administrative complaint (or, as the case is here, the charge of discrimination). *Id.* at 525. Administrative complaints are interpreted liberally, and claims are deemed exhausted with regard to all incidents in the administrative complaint as well as incidents reasonably related to the allegations in the administrative complaint. *Id.* (citation omitted).

In her charge of discrimination, Plaintiff alleges facts suggesting her belief that she was entitled to promotion to a Production Manager position in 2014 and 2016, but did not receive it. Doc. #1-2, at 8. She alleges the denial of promotions was based upon her race and gender. After Plaintiff did not receive the Production Manager position in 2016, she "voiced her concerns" to Human Resources. *Id.* Not long after Plaintiff voiced her concerns, she was moved to C shift. *Id.* Although she was told it would be a temporary move, Plaintiff was still assigned to C shift when she filed her charge of discrimination in October 2016. Plaintiff did not mark the box for "retaliation" in her charge of discrimination, or describe her shift change as "retaliatory." *Id.* But Plaintiff indicated the last discriminatory act "occurred in July 2016, presumably when she was moved to a less desirable shift, and the discrimination was "continuing." *Id.* at 7.

There is no evidence Plaintiff further amended her charge of discrimination or filed another charge of discrimination to include a retaliation claim. Thus, the Court must determine whether her retaliation claim is reasonably related to the allegations in her October 2016 charge of discrimination. *Alhalabi*, 300 S.W.3d at 525. When viewing the evidence in the light most favorable to Plaintiff and liberally construing her charge of discrimination, the Court finds Plaintiff's retaliation claim is reasonably related to the allegations contained in her charge. Plaintiff claimed shortly after she "voiced [her] concerns" to human resources about not being promoted, she was moved to a less desirable shift and remained on that shift, contrary to Defendant's representation. Also, Plaintiff alleged the discrimination was continuing. Plaintiff's retaliation claim is reasonably related to the allegations she set forth in her charge of discrimination. Further, Plaintiff gave notice of a potential retaliation claim when she stated that after she expressed concerns to human resources, she suffered an adverse employment action. Thus, the Court finds Plaintiff administratively exhausted her retaliation claim, and Defendant's motion for partial summary judgment based upon failure to exhaust this claim is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for partial summary judgment is denied.

IT IS SO ORDERED.

DATE: September 25, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT